FILED

2014 May-08  PM 02:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ROCCO J. LEO, Trustee for the | ) | |
| Bankruptcy Estate of Ashley Murphree, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13-cv-1826-RBP-TMP |
| | ) | |
| ALFA MUTUAL INSURANCE | ) | |
| COMPANY, a corporation; | ) | |
| REBECCA A. WALKER, and | ) | |
| STEPHANIE WAGNER, | ) | |
| | ) | |
| Defendants. | ) | |

DISCOVERY ORDER NO. 3

On April 30, 2014, the undersigned magistrate judge entered Discovery Order No. 1, granting a motion to compel filed by the plaintiff and requiring defendants Walker and Wagner to answer interrogatories propounded to them by the plaintiff and to produce their litigation file in Cameron v. Murphree, the court having concluded that the Bankruptcy Trustee had the authority to and did waive Ashley Murphree attorney-client privilege with respect to the information in the litigation file.  On May 5, 2014, defendants Walker and Wagner filed their motion for amendment of Discovery Order No. 1 (doc. 45) to reflect that the defendants had already answered the interrogatories before the court ordered them to so that that aspect of Discovery Order No. 1 is moot.

The court notes that, on April 10, 2014, following referral of the plaintiff's motion to compel to the undersigned, an Order was entered allowing defendants Walker and Wagner to respond to the motion to compel.  In their instant motion to amend Discovery Order No. 1, defendants assert that they served their answers to plaintiff's interrogatories on April 10, the

same day as the court's order allowing ten days to respond to the motion to compel.  Even so, when defendants filed a response to the motion to compel on April 17, 2014 (doc. 40), it made no mention at all of the fact that they already had answered the interrogatories.  The court was left unaware that the interrogatories had been answered.

The court believes the instant motion to amend Discovery Order No. 1 is itself MOOT. If, in fact, defendants have adequately answered the interrogatories, there is no need to do so again and the prior discovery order has been met.  If the defendants have not adequately answered the interrogatories, Discovery Order No. 1 still requires them to do so.

Insofar as the defendants argue that "[b]ased on the fact that Defendants had already responded to Plaintiff's interrogatories, Defendant moves this Court to amend its discovery order to reflect that the motion to compel on that issue is moot, and that Defendant did not thereby waive their objections," there is no need to amend the prior discovery order.  Waiver of objections occurred when the defendants failed to answer or object to the interrogatories during the 30-day time for response required by Rule 33.

> "[W]hen a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived." Pitts v. Francis, 2008 WL 2229524 *2 (N.D.Fla. 2008) (citing, In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989)).  The waiver operates even in situations where a party had a proper objection to a discovery request. Third Party Verification, Inc. v. SignatureLink, Inc., 2007 WL 1288361 *3 (M.D.Fla. 2007) (holding "[a] party who fails to file timely objections waives all objections, including those based on privilege or work product.") (citing, Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D.Cal. 2005)).

Reliance Ins. Co. v. Core Carriers, Inc., 2008 WL 2414041, *2 (M.D. Fla. June 11, 2008).  Even though the defendants finally served responses to the plaintiff's interrogatories on April 10, this

was well after the 30-day time for responding.  Because the responses were not timely, any objections to answering the interrogatories are waived.

Defendants' motion to amend Discovery Order No. 1 (doc. 45) is DENIED as MOOT.

DONE this 8th day of May, 2014.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE