IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| Ashley Murphree,<br><br>Plaintiff(s),<br><br>v.<br><br>Alfa Mutual Insurance; Rebecca A. Walker, and Stephanie Wagner,<br><br>Defendant(s). | Civil Action No.<br>1:13-CV-01826 |

### SURREPLY BY DEFENDANTS WALKER AND WAGNER TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

COMES NOW, the Defendants Rebecca Walker and Stephanie Wagner, by and through the undersigned counsel, and files this Surreply by Defendants Walker and Wagner to Plaintiff's Motion for Leave to File Second Amended Complaint, and sets forth and assigns as follows:

1. Plaintiff has failed to rebut the Defendants' showing that Plaintiff's dilatory Motion for Leave to File the Second Amended Complaint is due to Plaintiff's undue delay and lack of diligence.

2. Plaintiff's Reply in support of his Motion for Leave to File the Second Amended Complaint carefully avoids a key fact, and skirts the consequences of

Case 1:13-cv-01826-VEH   Document 90   Filed 03/31/15   Page 2 of 9

Leo, Rocco vs. Alfa Mutual Insurance Co., Walker, & Wagner
Case No.: 1:13-CV-01826
Defendants Walker's and Wagner's Brief in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint

that fact. Specifically, Plaintiff's Reply would have this Court believe Plaintiff's counsel could not have obtained information relating to the new allegations which are stated for the first time in the Second Amended Complaint, without first taking the depositions of the Defendants. For example, Plaintiff states: ". . . . Plaintiff's claims are based on conduct not reduced to the written record. What various parties said to each other, . . . could only be ascertained through depositions." See Doc. 84, at pg. 7. Plaintiff goes on to boldly assert that "until the parties were deposed, *Plaintiff did not know and could not have known that Defendant Walker had never recommended* to ALFA that it settle the underlying litigation or *to Murphree that Murphree ask ALFA to do so [i.e., to settle]*." See Doc. 84, at pg. 7 (emphasis added). As to the communications between these Defendants and ALFA, this statement in Plaintiff's Reply is disingenuous, in that this allegation was already made in the First Amended Complaint. See Doc. 22 at paragraph 68(g). As to communications between these Defendants and Ms. Murphree, these statements falsely suggest Plaintiff <u>could not have</u> learned the details of communications between Defendants and Murphree except through Defendants' depositions. This suggestion is false because Plaintiff could have learned these details by inquiring directly of Ms. Murphree.

Leo, Rocco vs. Alfa Mutual Insurance Co., Walker, & Wagner
Case No.: 1:13-CV-01826
Defendants Walker's and Wagner's Brief in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint

3. Ignoring Plaintiff's own failure to investigate the facts with Ms. Murphree, Plaintiff's Reply recounts the procedural history of this case, in an effort to suggest Defendants have improperly delayed the case. In doing so, Plaintiff has made a number of statements which are misleading, at best. For example:

a. Plaintiff states "Defendants could not make themselves available for deposition in accordance with the deadlines set forth in the Court's December 2nd Order." (Doc 84. at page 11). On the contrary, all Defendants made themselves available. See Doc. 77-1. However, Plaintiff's counsel was not available to conduct the depositions on the proposed date, because Plaintiff's counsel had activities planned in another case. See Doc 77-2.

b. Plaintiff claims Defendants have engaged in "frivolous attempts" to protract the litigation. In support of this assertion, Plaintiff cites the fact that Defendants filed a Motion to Dismiss. However, far from finding that Motion to be frivolous, the Court granted the Motion as to two of the Counts pleaded in the original complaint, and the Ordered the Plaintiff to Amended the Complaint in recognition of the fact that the only claims against these Defendants were claims under the ALSLA (Ala.Code. § 6-5-572(2)), and subject to the standard of care defined therein (Ala.Code. § 6-5-572(3)(a)). See Doc. 19 and Doc. 20. The undersigned would respectfully submit this was far from a frivolous attempt to prolong the litigation.

Case 1:13-cv-01826-VEH   Document 90   Filed 03/31/15   Page 4 of 9

Leo, Rocco vs. Alfa Mutual Insurance Co., Walker, & Wagner
Case No.: 1:13-CV-01826
Defendants Walker's and Wagner's Brief in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint

c. In further support of Plaintiff's premise, he cites the fact that the Defendants sought to have the case decided by summary judgment prior to testifying in deposition. In response, the Defendants would respectfully submit that if these efforts were in fact frivolous, the Defendants do not believe the Court would have ordered the Defendants to move forward with actually filing the Motions for Summary Judgment before submitting to their depositions. See Doc. 60 and Doc. 67. Although the Court ultimately decided to allow Plaintiffs the opportunity to conduct additional discovery before ruling on the motions on the merits, Defendants Walker and Wagner respectfully submit their Motion for Summary Judgment was far from frivolous.

4. As Defendants Walker and Wagner illustrated in their Objection to the Plaintiff's Motion for Leave (Doc. 82), many of the new allegations in the proffered Second Amended Complaint relate specifically to communications between the Debtor/Plaintiff Ashley Murphree, and Defendants Walker and Wagner. The Plaintiff Leo (who is plaintiff by virtue of his position as trustee of the bankruptcy estate of Ms. Murphree), ostensibly filed this lawsuit in the first place to enforce Ms. Murphree's rights, and in doing so he stands in Ms. Murphree's shoes. See <u>Kapila v. Atl. Mortg. & Inv. Corp. (in Re Halabi)</u>, 184 F.3d 1335, 1337 (11th Cir. 1999) ("The trustee succeeds only to such rights as the bankrupt possessed." (quoting <u>Bank of Marin v. England</u>, 385 U.S. 99, 101,

Case 1:13-cv-01826-VEH   Document 90   Filed 03/31/15   Page 5 of 9

Leo, Rocco vs. Alfa Mutual Insurance Co., Walker, & Wagner
Case No.: 1:13-CV-01826
Defendants Walker's and Wagner's Brief in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint

87 S.Ct. 274, 17 L.Ed.2d 197 (1966)). Yet, neither Plaintiff Leo nor any of his lawyers took the time to interview Ms. Murphree about any of her communications with Defendants Walker and Wagner relating to the new allegations in the proffered Second Amended Complaint. Certainly, whatever Ms. Murphree might have had to say on the matter would have been extremely probative and significant. A reasonable investigation, undertaken with the due diligence required of any plaintiff lawyer, would have required Plaintiff's counsel to interview Ms. Murphree regarding these matters at some point before initiating this lawsuit against Defendants Walker and Wagner. But they did not. See Doc. 82-1 at page 3 of 7 (Answer to Interrogatory #3), Doc. 82-2 at page 3 of 8 (Response to Request for Production #3), and Doc. 82-3.

5. Failing that, one would suppose that at some time in the first four months after filing this lawsuit, Plaintiff Leo and/or his attorneys would have interviewed Ms. Murphree regarding any of these matters. But they did not. Id.

6. Plaintiff Leo and Plaintiff's attorneys had more than adequate opportunity to timely investigate the basis of their claims against Defendants Walker and Wagner, simply by interviewing the debtor Murphree as to these matters, but they failed to take that simple step. Id. And since that time, Ms. Murphree has died without ever having her testimony preserved for the record. See Doc. 61.

Case 1:13-cv-01826-VEH   Document 90   Filed 03/31/15   Page 6 of 9

Leo, Rocco vs. Alfa Mutual Insurance Co., Walker, & Wagner
Case No.: 1:13-CV-01826
Defendants Walker's and Wagner's Brief in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint

7. The debate here is not about whether there was a delay in Plaintiff seeking to file the Second Amended Complaint. There was. In the absence of delay, Plaintiff would have no need to file a Motion for Leave. The question is whether or not the Plaintiff's delay should be excused, and Defendants respectfully submit it should not be. Defendants respectfully submit the Plaintiff's failure to even talk to Ms. Murphree to explore what really transpired in the conversations between Ms. Murphree and the Defendants, with regard the new allegations in the Second Amended Complaint, is inexcusable and should not be rewarded.

8. In rebuttal to the charge of undue delay, Plaintiff focuses his argument on the alleged lack of prejudice to the Defendants. In doing so, the Plaintiff's argument carefully avoids any mention of This Court's own decision in Cantrell v. JPMorgan Chase Bank, N.A., 2014 U.S. Dist. LEXIS 113488 (N.D. Ala. Aug. 15, 2014), which these Defendants discussed in their Brief in Opposition to the Motion for Leave. By focusing exclusively on In re Engle Cases, Plaintiff would have this Court suppose the standard for undue delay is the four year mark which existed in In re Engle Cases, rather than the much shorter delay with which This Court was presented when it denied the amendment in Cantrell. Moreover, by focusing on In re Engle Cases, the Plaintiff implies the element of prejudice, vel non, to the Defendant is dispositive of whether an amendment

Case 1:13-cv-01826-VEH   Document 90   Filed 03/31/15   Page 7 of 9

Leo, Rocco vs. Alfa Mutual Insurance Co., Walker, & Wagner
Case No.: 1:13-CV-01826
Defendants Walker's and Wagner's Brief in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint

should be disallowed. Again, This Court's decision in <u>Cantrell</u> shows that undue delay by the Plaintiff is enough to support denial of a proffered amended complaint, with or without actual prejudice to the Defendant.

9. Again, the Defendants do contend they would be prejudiced if the Second Amended Complaint were to be allowed at this late date. In fact, if the Plaintiff did not think the Second Amended Complaint would prejudice the Defendants, then there would be no point in offering it. The question is whether the prejudice would be <u>unfair</u>, and the Defendants reiterate their contention that this late filing would in fact unfairly place them at a strategic and tactical disadvantage in defending the claims against them. See Doc. 82 at pages 17 through 21 (more thoroughly discussing the issue of unfair prejudice to these Defendants).

10. Finally, as to the issue of futility, Plaintiff has again utterly failed to address the impact of Plaintiff's failure to preserve the testimony of Ms. Murphree before her death. The death of Ms. Murphree places Plaintiff Leo in a difficult spot, because he knows the rules of evidence will prohibit the introduction of any statement attributed to Ms. Murphree when offered to prove the Plaintiff's case; and he also knows the same rules of evidence will allow Defendants to offer evidence of the statements of Ms. Murphree in their defense. See Rule 801, 802 and 803, Fed.R.Evid. Plaintiff has cited conclusory opinions of their expert

Leo, Rocco vs. Alfa Mutual Insurance Co., Walker, & Wagner
Case No.: 1:13-CV-01826
Defendants Walker's and Wagner's Brief in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint

witness, but none of these conclusory statements can have any bearing on this case where they cannot be supported by admissible evidence.

WHEREFORE, PREMISES CONSIDERED, Defendants Rebecca Walker and Stephanie Wagner respectfully requests the Plaintiff's Motion for Leave to File the Second Amended Complaint be DENIED.

Respectfully submitted,

By:   /s/ Michael B. Maddox
Michael B. Maddox
Alabama Bar Number: MAD003

By:   /s/ Conley W. Knott
Conley W. Knott
Alabama Bar Number: KNO012
Attorneys for Defendants,
Rebecca A. Walker and Stephanie Wagner

**OF COUNSEL:**
Austill Lewis Pipkin & Maddox, P.C.
P.O. Box 11927
Birmingham, AL  35202-1927

Leo, Rocco vs. Alfa Mutual Insurance Co., Walker, & Wagner
Civil Action No.: 1:13-CV-01826
Surreply by Defendants Walker and Wagner to Plaintiff's Motion for Leave to File Second Amended Complaint

## CERTIFICATE OF SERVICE

I hereby certify that, on the 31th day of March, 2015, I have served a copy of the above and foregoing on counsel for all parties by using the Electronic Filing system which will send notification of such to the following:

Keith T. Belt, Jr.
Robert P. Bruner
Belt Law Firm, P.C.
2204 Lakeshore Drive, Ste. 208
Birmingham, AL  35209
keithb@beltlawfirm.com; robertb@beltlawfirm.com

William P. Gray
Douglas N. Robertson
Gray & Associates
3800 Colonnade Parkway, Suite 350
Birmingham, Alabama 35243
wgratty@aol.com; dnr@grayattorneys.com

/s/ Conley W. Knott
OF COUNSEL